## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **Francisco Mateo** | § | |
| **& Maria Medina** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:19-cv-419** |
| | § | |
| **TA HSIN, INC. (d/b/a Great China),** | § | |
| **Heng-Rung Tseng,** | § | |
| **& Shou Chuan Tseng** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Francisco Mateo and Maria Medina, Plaintiffs, complain of and against TA HSIN, INC. (d/b/a Great China), Heng-Rung Tseng, and Shou Chuan Tseng, Defendants, and for cause of action, show:

## I.      INTRODUCTION

1.      This is an action for unpaid wages brought under the Fair Labor Standards Act (hereinafter "FLSA") 29 U.S.C. § 201 et seq. This action is brought by non-exempt food-service workers who were employed by Defendants at a restaurant known as Great China, located at 1015 North Texas Boulevard, Unit 20C, Weslaco, Hidalgo County, Texas. Defendants failed to pay Plaintiffs at least the federally mandated minimum wage for each hour they worked in a workweek. Defendants also failed to pay Plaintiff Francisco Mateo the required overtime pay for all hours worked in excess of forty hours during each workweek. Accordingly, Plaintiffs seek unpaid minimum wage and overtime compensation, liquidated damages, costs of court, and attorney's fees pursuant to 29

U.S.C. § 216(b), or in the alternative the Texas Minimum Wage Act, Tex. Labor Code § 62.001 *et seq.*

## II.     JURISDICTION AND VENUE

2.      Plaintiffs bring this case to recover unpaid minimum wage and overtime compensation under 29 U.S.C. § 201, *et seq*. As such, this Court has jurisdiction over Plaintiffs' FLSA claim pursuant to the following:

    a.      28 U.S.C. § 1331 (Federal Question);

    b.      28 U.S.C. § 1337 (Interstate Commerce); and

    c.      29 U.S.C. § 216(b) (FLSA).

3.      This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367 because the state law claim is so related to the federal claim that it forms part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) and (2) and 29 U.S.C. § 216(b) because Defendants' principal places of business are in Hidalgo County, Texas, and all or a substantial part of the acts or omissions giving rise to Plaintiffs' cause of action occurred in or around Hidalgo County, Texas.

## III.     THE PARTIES

5.      Plaintiff Francisco Mateo is an individual who worked for Defendants in Hidalgo County, Texas, and resides in Hidalgo County, Texas.

6.      Plaintiff Maria Medina is an individual who worked for Defendants in Hidalgo County, Texas, and resides in Hidalgo County, Texas.

7.      Defendant TA HSIN, INC. (d/b/a Great China) is a Texas corporation whose principal place of business is in Weslaco, Texas and may be served with process by serving its registered agent, Heng-Rung Tseng, at 700 Heron Avenue, McAllen, Hidalgo County, Texas 78504.

8.      Defendant Heng-Rung Tseng is an individual who may be served with process at her residence, 700 Heron Avenue, McAllen, Hidalgo County, Texas 78504. Defendant Heng-Rung Tseng is also known as Nancy Tseng.

9.      Defendant Shou Chuan Tseng is an individual who may be served with process at his residence, 700 Heron Avenue, McAllen, Hidalgo County, Texas 78504. Defendant Shou Chuan Tseng is also known as William Tseng.

## IV.    FACTUAL ALLEGATIONS

### FLSA COVERAGE AND
### EMPLOYEE AND EMPLOYER STATUS

10.     From approximately March of 2016 to approximately November of 2019, Plaintiff Francisco Mateo worked as a food-service worker for Defendants at Great China.

11.     From approximately August of 2009 to approximately October of 2019, Plaintiff Maria Medina worked as a food-service worker for Defendants at Great China.

12.     At all relevant times, each of the Plaintiffs was an "employee" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

13.     Plaintiff Mateo's job duties consisted of routine kitchen work, including food preparation, dishwashing, and other related activities.

14.     Plaintiff Medina's job duties consisted of waiting tables, including clean-up duties and other related activities.

15.     Plaintiffs were supervised by and received instructions from managers on a daily basis.

16.     At all relevant times, Plaintiffs were employed in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17.     Defendants collectively operate a restaurant known as Great China, located at North Texas Boulevard, Suite 20C, Weslaco, Hidalgo County, Texas 78596.

18.     Defendants' restaurant is, and has been for all times relevant to this action, an enterprise that has, at any given time, employed more than two (2) employees who handle and work with goods that have been moved in or produced for commerce, including, but not limited to, serving utensils, foodstuffs, kitchen machinery, and cleaning supplies.

   a.     As food-service workers, each Plaintiff handled food that moved in interstate commerce. On information and belief, some of the food handled by Plaintiffs was delivered to Great China by Sysco and included, but was not limited to, meat, seafood, produce, rice, flour, and sugar, as well as soy sauce manufactured by Kikkoman Foods, Inc. in Wisconsin.

   b.     Each Plaintiff handled machinery and supplies which, on information and belief, was manufactured in part outside of the state of Texas, including an industrial dishwasher, dishware, and cutlery.

19.     Defendants' restaurant is an enterprise engaged in commerce whose gross annual volume of sales exceeds, and has for all times relevant to this action exceeded, $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

20.     During part of the relevant period, Defendants and/or related entities operated a second restaurant in Alamo, Texas doing business as Great China Buffet under unified operations or common control, constituting a single enterprise for purposes of coverage under the FLSA. The two restaurants' collective gross annual sales exceeded $500,000.

21.     At all times relevant to this action and as a matter of economic reality, each Defendant employed Plaintiffs within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g). During the relevant time period, each Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs. Facts demonstrating that each Defendant was each Plaintiff's employer include, but are not limited to, the following:

a.   Defendant TA HSIN, Inc. owns and operates the Great China restaurant where the Plaintiffs worked.

b.   On information and belief, Defendants Heng-Rung Tseng and Shou Chuan Tseng share the ownership interest in TA HSIN, Inc. and the Great China restaurant.

c.   At all times relevant to this action, Defendant Heng-Rung Tseng and Defendant Shou Chuan Tseng exercised operational control over Great China. Examples of Defendant Heng-Rung Tseng's and Defendant Shou Chuan Tseng's operational control included, but was not limited to, the following:

1.   Defendant Heng-Rung Tseng is the current President and Director of Defendant TA HSIN, INC dba Great China;

2.   Defendants Heng-Rung Tseng and Shou Chuan Tseng exercised final authority over all decisions on general business matters of TA HSIN, INC's and the Great China restaurant;

3.   Defendants Heng-Rung Tseng and Shou Chuan Tseng maintained an office at Great China; and

4.   Defendants Heng-Rung Tseng and Shou Chuan Tseng were at Great China on a daily or near daily basis.

      5.      Defendants Heng-Rung Tseng's and Shou Chuan Tseng's roles and responsibilities included, but were not limited to, opening and closing the buildings; monitoring employee attendance; monitoring employee performance; conducting inventory; and handling payroll.

d.  Defendants Heng-Rung Tseng and Shou Chuan Tseng each possessed the authority to hire and fire Plaintiffs.

      1.   Defendant Heng-Rung Tseng oversaw hiring and firing of the restaurants' staff, generally.

      2.   Defendant Heng-Rung Tseng hired Plaintiff Mateo.

      3.   Defendant Heng-Rung Tseng fired both Plaintiffs.

e.  Defendants Heng-Rung Tseng and Shou Chuan Tseng each possessed and exercised the authority to control the Plaintiffs' work schedules and conditions of employment.

      1.   Defendant Heng-Rung Tseng managed scheduling and decided employees' days off.

      2.   Defendant Heng-Rung Tseng monitored employees' attendance and was responsible for approving employees' requests for time-off.

      3.   Defendant Heng-Rung Tseng and Defendant Shou Chuan Tseng supervised employees' performance and corrected employees' work on a regular basis.

      4.   Defendant Heng-Rung Tseng informed employees of changes in their positions, and provided training as necessary.

f.  Heng-Rung Tseng and Shou Chuan Tseng determined the rate and method of Plaintiffs' payment.

1. Only Defendants Heng-Rung Tseng and Shou Chuan Tseng had the authority to set employees wage rates.

2. Defendant Heng-Rung Tseng awarded Plaintiff Mateo multiple raises throughout his employment with Defendants.

g. Defendants Heng-Rung Tseng and Shou Chuan Tseng each together maintained Plaintiffs' and other employees' employment records.

1. Defendant Shou Chuan Tseng collected Plaintiffs' time cards at the end of each pay period.

2. Defendant Heng-Rung Tseng processed payroll for the Plaintiffs.

3. Defendant Heng-Rung Tseng usually distributed pay to Plaintiffs on paydays; Defendant Shou Chuan Tseng did so in her absence.

## FLSA VIOLATIONS

22.    Plaintiff Mateo regularly worked more than forty hours per workweek, and frequently worked more than sixty hours per workweek.

23.    Plaintiff Mateo was never paid overtime compensation of one-and-a-half times his regular hourly rate for hours he worked over forty per workweek.

24.    Defendants had a practice and policy to pay Plaintiff Mateo the same semimonthly salary for all hours worked, including those hours worked in excess of forty hours in a workweek.

25.    The effective hourly rate that Defendants paid Plaintiff Mateo—derived by dividing his total compensation per workweek by total hours worked—was regularly less than the minimum wage of $7.25 per hour.

26.    For the hours that Defendants paid Plaintiff Medina at all, Defendants paid her a base hourly rate of $2.25 per hour and claimed a tip credit of $5.00 per hour.

27.     Defendants required Plaintiff Medina to clock out approximately 30 minutes before finishing her work and leaving each shift, and Defendants did not pay Medina at all for this time worked "off the clock."

28.     All of the uncompensated time that Plaintiff Medina worked "off the clock" constitutes a minimum wage violation under the FLSA and TMWA.

29.     At all times relevant to this action, Defendants failed to maintain complete and accurate records of Plaintiffs' hours of work and compensation as required by the FLSA.

30.     At all times relevant to this action, Defendants knowingly, willfully, or with reckless disregard, carried out their illegal pattern or practice of failing to pay the required overtime and minimum wage compensation due to Plaintiffs.

31.     All of the actions and omissions alleged in the paragraphs above were undertaken by Defendants either directly or through their agents.

## V.     CLAIMS FOR RELIEF

### FAIR LABOR STANDARDS ACT – MINIMUM WAGE

32.     The above-described actions of Defendants violated Plaintiffs' right to minimum wage pay under the FLSA. Plaintiffs are entitled to recover their minimum wages, an equal amount in liquidated damages, attorney's fees, and costs of court, pursuant to 29 U.S.C. § 216(b).

33.     Plaintiffs attach hereto their consents to sue. *See* Exhibit A.

### FAIR LABOR STANDARDS ACT – OVERTIME

34.     The above-described actions of Defendants violated Plaintiff Francisco Mateo's right to overtime pay under the FLSA. Plaintiff Mateo is entitled to recover his overtime wages, an equal amount in liquidated damages, attorney's fees, and costs of court, pursuant to 29 U.S.C. § 216(b).

**TEXAS MINIMUM WAGE ACT**

35.     The above-described actions of Defendants violated Plaintiffs' rights under the Texas Minimum Wage Act, for which Plaintiffs are entitled to recover minimum wage for hours worked, an equal amount in liquidated damages, attorneys' fees, and costs of court, pursuant to Tex. Labor Code §§ 62.201, 62.205.

36.     Plaintiffs attach hereto their verifications of this Original Complaint. *See* Exhibit B.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

a.     Declare that Defendants, by their acts and omissions described above, violated Plaintiffs' rights under the FLSA;

b.     Award Plaintiffs their unpaid minimum wages, plus an equal amount in liquidated damages, for Defendants' violation of the FLSA minimum-wage provisions, 29 U.S.C. § 206; or, in the alternative, the Texas Minimum Wage Act;

c.     Award Plaintiff Francisco Mateo his unpaid overtime wages, plus an equal amount in liquidated damages, for Defendants' violation of the FLSA overtime provisions, 29 U.S.C. § 207;

d.     Award Plaintiffs their attorney's fees pursuant to 29 U.S.C. § 216(b); or in the alternative Tex. Labor Code § 62.205;

e.     Award Plaintiffs their costs of court;

f.     Award Plaintiffs post-judgment interest; and

g.     Grant such other relief as this Court deems just and proper.

Dated:  December 20, 2019.

*Original Complaint*                                                                                          Page 9 of 10

Respectfully submitted,

EQUAL JUSTICE CENTER
8301 Broadway Street, Ste. 309
San Antonio, Texas 78209
Tel (210) 308-6222
Fax (210) 308-6223
www.equaljusticecenter.org

By: /s/ Colleen Mulholland
Colleen Mulholland
Attorney-In-Charge
Texas State Bar No. 24091765
S.D. TX Bar No. 3151271
8301 Broadway Street, Ste. 309
San Antonio, Texas 78209
Tel (210) 308-6222, ext. 101
cmulholland@equaljusticecenter.org

COUNSEL FOR PLAINTIFFS